**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | | |
|---|---|---|
| In re: | * | |
| | | **Case No.: 24−11528-DER** |
| **PROVIZOR FEDERAL, INC.,** | * | |
| | | **Chapter 7** |
| Debtor. | * | |
| * * * * * * * | * * * * * | |
| **MORGAN W. FISHER,** | | |
| **CHAPTER 7 TRUSTEE** | * | |
| 18 West Street | | |
| Annapolis, MD 21401 | | |
| | * | |
| Plaintiff, | | |
| | * | **Adv. Proc. No.: _____-DER** |
| v. | | |
| | * | |
| **LOYAL SOURCE GOVERNMENT** | | |
| **SERVICES, LLC,** | * | |
| 12612 Challenger Parkway, Suite 365 | | |
| Orlando, Florida 32826 | * | |
| | | |
| Defendant. | * | |
| * * * * * * * | * * * * * | |

**CHAPTER 7 TRUSTEE'S COMPLAINT TO AVOID
AND RECOVER PREFERENTIAL TRANSFERS**

Morgan W. Fisher, Chapter 7 Trustee for Provizor Federal, Inc., files this Complaint against Loyal Source Government Services, LLC for avoidance and recovery of preferential transfers and, in support thereof, states as follows:

**PARTIES, JURISDICTION, VENUE**

1. Plaintiff, Morgan Fisher, Chapter 7 Trustee (the "Trustee" or "Plaintiff") for Provizor Federal, Inc. f/k/a OMV Medical, Inc. (the "Debtor"), is the duly appointed and acting Chapter 7 Trustee for the Debtor.

2.     Loyal Source Government Services, LLC ("Loyal Source" or "Defendant") is a Florida limited liability company with a principal place of business at 12612 Challenger Parkway, Suite 365, Orlando, Florida 32826.  Loyal Source is a creditor of the Debtor.

3.     This action is an adversary proceeding pursuant to 11 U.S.C. §§ 547 and 550 and Fed. R. Bankr. P. 7001(1) and (9).

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334(b).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), (K) and (O).  Venue is proper in this district pursuant to 28 U.S.C. § 1409.

5.     In accordance with Local Rule 7012-1(b), the Trustee consents to entry of final orders or judgments by the Bankruptcy Court.

**<u>BACKGROUND FACTS</u>**

6.     On February 26, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On May 16, 2024, the Court converted this case to a case under Chapter 7, and Morgan Fisher was thereafter appointed as Chapter 7 Trustee.

7.     Prior to the Petition Date, on October 23, 2017, the Debtor and the Defense Health Agency of the United States ("DHA") entered into a Prime Contract pursuant to which the Debtor agreed to provide medical staffing and ancillary services to the Government (the "Prime Contract").

8.     On March 16, 2018, Loyal Source and the Debtor executed a Subcontract Agreement pursuant to which Loyal Source agreed, among other things, to provide support services to enable the Debtor to fulfill its obligations under the Prime Contract (the "Subcontract").

9.     Loyal Source asserted, at some point after the parties entered into the Subcontract,

that the Debtor defaulted on its obligations under the Subcontract by failing to make payments owed to Loyal Source.

10.     Under the terms of the Subcontract, "Disputes" including with respect to non-payment, are to be resolved in binding arbitration in the American Arbitration Association ("AAA") pursuant to the Commercial Arbitration Rules of the American Arbitration Association (the "AAA Rules").

11.     In respect of the asserted failed payments, Loyal Source filed with the AAA a demand for arbitration against the Debtor on April 5, 2023 for damages and injunctive relief (the "Arbitration").

12.     Under the AAA Rules, the arbitrator may issue an award, and modify such award within 20 calendar days after the transmittal of such award "to correct any clerical, typographical, or computational errors in the award.  The arbitrator is not empowered to redetermine the merits of any claim already decided." AAA R-50.  Upon issuance of an award, "[p]arties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof."  AAA R-52(c).

13.     An arbitration award under the AAA Rules is not enforceable or executable by the prevailing party until it is confirmed by a federal or state court having jurisdiction over such award. As stated by the AAA, "the AAA and the arbitrator do not have the authority to actually make a party do what the award says.  Instead, if a party wins in the arbitration and the other party does not do what the award says, the winning party may go to court to "confirm" the arbitration award. Under AAA rules, parties to AAA cases agree that the arbitration award can be entered/confirmed as a judgment in any federal or state court with jurisdiction.  Until being confirmed, the AAA award is legally unenforceable.

3

14.    After the final award is sent to the parties, the AAA and arbitrator are no longer involved.  The AAA states: "Because of that, we cannot give advice to the parties about how to make sure the award is enforced.  Each state sets its own rules and law for how to make a party do what they're supposed to do under the award." [1]

15.    Loyal Source prevailed in the Arbitration and obtained multiple rulings in its favor from the Arbitrator.  The AAA issued, among other rulings, the following: (A) an order issued September 6, 2023 titled: Order to Stay Request for Emergency Relief and Incorporating the August 14, 2023 Stipulation of the Parties (the "September 6 Ruling"); (B) an award issued October 19, 2023 titled: Order and Interim Award granting an award in favor of Loyal Source  of $1,945,436.15 (the "October 19 Award"); and (C) an Opinion and Interim Order Lifting the September 6, 2023 Stay, Granting Claimant's Emergency Motions, Entering Monetary Awards, and Establishing a Constructive Trust dated November 21, 2023,  granting an award in favor of Loyal Source of $8,621,243.46 in the aggregate to Loyal Source, with interest at 1.75% per annum, along with the imposition of a constructive trust in favor of Loyal Source on all future government payments received by the Debtor from the Government for services provided by Loyal Source pursuant to the Subcontract (the Arbitrator issued an Erratum to the November 21 Opinion on November 22, 2023 to clarify amounts due) (the "November 21-22 Awards").  The "September 6 Ruling", "October 19 Award", and "November 21-22 Award" are collectively together, the "AAA Awards".

16.    Loyal Source could not enforce or execute upon the AAA Awards or compel the Debtor's compliance absent confirmation of the AAA Award(s) in a state or federal court of competent jurisdiction.

---

[1] https://www.adr.org/sites/default/files/document_repository/AAA229-After_Award_Issued.pdf

17.     Loyal Source sought confirmation of the October 19 Award and November 21-22 Award in the United States District Court for the District of Maryland by initiating the action styled *Loyal Source Government Services, LLC v. OMV Medical Inc., N/K/A Provizor Federal, Inc.*, Case No. 1:23-cv-02889-SAG (the "Confirmation Action").

18.     On January 5, 2024 the District Court entered an Order (the "First District Court Confirmation") confirming the "Arbitration Award" (*i.e.*, the October 19 Award) and "Second Arbitration Award" (*i.e.*, the November 21-22 Awards).  On January 19, the District Court entered a PAPERLESS ORDER clarifying the First District Court Confirmation (the "Second District Court Confirmation").

19.     On January 29, 2024, upon Loyal Source's motion to confirm the October 19 Award and November 21-22 Awards, the District Court entered an Order and Judgment confirming the October 19 Award and November 21-22 Awards with damages entered in the amount of $11,976,571.17 plus interest at 1.75% per annum until paid in full (the "Third District Court Confirmation", together with First District Court Confirmation and Second District Court Confirmation, collectively together, the "Confirmations").  The Third District Court Confirmation also imposed a constructive trust "on any payments OMV [Debtor] received from the Government on or after January 5, 2024, under the October 23, 2017 Prime Contract between the Government and OMV [Debtor], for services provided by Loyal Source to OMV [Debtor], pursuant to the March 16, 2018 Subcontract Agreement….".

20.     Subsequent to the entry of the Confirmations and after the Debtor's voluntary petition but prior to conversion to chapter 7, the aggregate sum of $780,906.00 was placed into an escrow account ("Escrow") pursuant to orders of the Bankruptcy Court as adequate protection in favor of Loyal Source in the event the constructive trust was ultimately valid.

21. Upon appointment of the Trustee, the Escrow was transferred to the Trustee's control.

22. Subsequent to the conversion to chapter 7, the aggregate sum of $50,000.00 was placed into the Escrow pursuant to orders of the Bankruptcy Court as adequate protection in favor of Loyal Source in the event the constructive trust was ultimately valid.

23. The Trustee is in control of the Escrow and, as of the date of the filing of this Complaint, the Escrow contains $830,906.00.

24. Other litigation, absent avoidance of the District Court Order as prayed for herein, can enable Loyal Source to be the sole beneficiary of all sums in the Escrow.

25. At all times relevant to this Complaint, the Debtor was insolvent.

**COUNT I**
**AVOIDANCE OF PREFERENTIAL TRANSFER**
**FIRST DISTRICT COURT CONFIRMATION – JANUARY 5**
**(11 U.S.C. § 547)**

26. The allegations contained in paragraphs 1-25 are incorporated by reference as if fully set forth herein.

27. The First District Court Confirmation was entered in the ninety (90) day period preceding the Petition Date.

28. The entry of the First District Court Confirmation enabled Loyal Source to enforce and execute upon the October 19 Award and November 21-22 Awards, something it was unable to do prior to its entry by the District Court.

29. The First District Court Confirmation constitutes and effects a transfer of an interest in property of the Debtor.

30. The entry of the First District Court Confirmation was made to or for the benefit of Loyal Source, a creditor of the Debtor.

31. The First District Court Confirmation was made for or on account of an antecedent debt owed by the Debtor to Loyal Source before the order was entered, while the Debtor was insolvent.

32. The entry of the First District Court Confirmation, and all sums paid into the Escrow as a result thereof, enabled or will enable Loyal Source to receive more than it would have received if this case were a case under chapter 7, the First District Court Confirmation was not entered and Loyal Source received payment of the amounts ordered under the First District Court Confirmation to the extent provided by the provisions of the Bankruptcy Code, Title 11 U.S.C.

33. The First District Court Confirmation is avoidable and recoverable under Sections 547 and 550 of the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests the following relief:

A. That the First District Court Confirmation be avoided;

B. That judgment be entered in favor of the Trustee and against Loyal Source in an amount not less than $830,906.00, plus interest at the legal rate, together with costs of this action.

C. That Loyal Source be directed to pay to the Trustee the sum of $830,906.00, plus interest at the legal rate from the date of the transfer.

D. Alternatively, that the Trustee take, for the benefit of the bankruptcy estate, the Escrow with no constructive trust imposed upon it.

E. That the Trustee be granted such other and further relief as is just and equitable.

<u>**COUNT II**</u>
**AVOIDANCE OF PREFERENTIAL TRANSFER**
**SECOND DISTRICT COURT CONFIRMATION – JANUARY 19**
**(11 U.S.C. § 547)**

34.     The allegations contained in paragraphs 1-25 are incorporated by reference as if fully set forth herein.

35.     The Second District Court Confirmation was entered in the ninety (90) day period preceding the Petition Date.

36.     The entry of the Second District Court Confirmation enabled Loyal Source to enforce and execute upon the October 19 Award and November 21-22 Awards, something it was unable to do prior to its entry by the District Court.

37.     The Second District Court Confirmation constitutes and effects a transfer of an interest in property of the Debtor.

38.     The entry of the Second District Court Confirmation was made to or for the benefit of Loyal Source, a creditor of the Debtor.

39.     The Second District Court Confirmation was made for or on account of an antecedent debt owed by the Debtor to Loyal Source before the order was entered, while the Debtor was insolvent.

40.     The entry of the Second District Court Confirmation, and all sums paid into the Escrow as a result thereof, enabled or will enable Loyal Source to receive more than it would have received if this case were a case under chapter 7, the Second District Court Confirmation was not entered and Loyal Source received payment of the amounts ordered under the Second District Court Confirmation to the extent provided by the provisions of the Bankruptcy Code, Title 11 U.S.C.

41.     The Second District Court Confirmation is avoidable and recoverable under

Sections 547 and 550 of the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests the following relief:

A. That the Second District Court Confirmation be avoided;

B. That judgment be entered in favor of the Trustee and against Loyal Source in an amount not less than $830,906.00, plus interest at the legal rate, together with costs of this action.

C. That Loyal Source be directed to pay to the Trustee the sum of $830,906.00, plus interest at the legal rate from the date of the transfer.

D. Alternatively, that the Trustee take, for the benefit of the bankruptcy estate, the Escrow with no constructive trust imposed upon it.

E. That the Trustee be granted such other and further relief as is just and equitable.

**COUNT III**
**AVOIDANCE OF PREFERENTIAL TRANSFER**
**THIRD DISTRICT COURT CONFIRMATION – JANUARY 29**
**(11 U.S.C. § 547)**

42. The allegations contained in paragraphs 1-25 are incorporated by reference as if fully set forth herein.

43. The Third District Court Confirmation was entered in the ninety (90) day period preceding the Petition Date.

44. The entry of the Third District Court Confirmation enabled Loyal Source to enforce and execute upon the October 19 Award and November 21-22 Awards, something it was unable to do prior to its entry by the District Court.

45. The Third District Court Confirmation constitutes and effects a transfer of an interest in property of the Debtor.

46. The entry of the Third District Court Confirmation was made to or for the benefit of Loyal Source, a creditor of the Debtor.

47. The Third District Court Confirmation was made for or on account of an antecedent debt owed by the Debtor to Loyal Source before the order was entered, while the Debtor was insolvent.

48. The entry of the Third District Court Confirmation, and all sums paid into the Escrow as a result thereof, enabled or will enable Loyal Source to receive more than it would have received if this case were a case under chapter 7, the Third District Court Confirmation was not entered and Loyal Source received payment of the amounts ordered under the Third District Court Confirmation to the extent provided by the provisions of the Bankruptcy Code, Title 11 U.S.C.

49. The Third District Court Confirmation is avoidable and recoverable under Sections 547 and 550 of the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests the following relief:

A. That the Third District Court Confirmation be avoided;

B. That judgment be entered in favor of the Trustee and against Loyal Source in an amount not less than $830,906.00, plus interest at the legal rate, together with costs of this action.

C. That Loyal Source be directed to pay to the Trustee the sum of $830,906.00, plus interest at the legal rate from the date of the transfer.

D. Alternatively, that the Trustee take, for the benefit of the bankruptcy estate, the Escrow with no constructive trust imposed upon it.

E. That the Trustee be granted such other and further relief as is just and equitable.

## COUNT IV
### AVOIDANCE OF PREFERENTIAL TRANSFER
### CONSTRUCTIVE TRUSTS – JANUARY 5TH, 19TH AND 29TH
### (11 U.S.C. § 547 – ALTERNATIVE RELIEF)

50.     The allegations contained in paragraphs 1-25 are incorporated by reference as if fully set forth herein.

51.     The Confirmations were entered in the ninety (90) day period preceding the Petition Date.

52.     The Confirmations granted and imposed an enforceable constructive trust in favor of Loyal Source to enforce and execute upon the October 19 Award and November 21-22 Awards, something it was unable to do prior to entry of the Confirmations.

53.     The constructive trust granted pursuant to the Confirmations constitutes and effects a transfer of an interest in property of the Debtor.

54.     The constructive trust granted pursuant to the Confirmations was made to or for the benefit of Loyal Source, a creditor of the Debtor.

55.     The constructive trust granted pursuant to the Confirmations was made for or on account of an antecedent debt owed by the Debtor to Loyal Source before the Confirmations were entered, while the Debtor was insolvent.

56.     The grant of the constructive trust pursuant to the Confirmations, and all sums paid into the Escrow as a result thereof, enabled or will enable Loyal Source to receive more than it would have received if this case were a case under chapter 7, the constructive trust was not confirmed by the Confirmations and Loyal Source received payment of the amounts ordered thereunder to the extent provided by the provisions of the Bankruptcy Code, Title 11 U.S.C.

57.     The grant of the constructive trust pursuant to the Confirmations is avoidable and recoverable under Sections 547 and 550 of the Bankruptcy Code.

11

WHEREFORE, the Trustee respectfully requests the following relief:

A.     That the Confirmations and grant/imposition of the contrastive trust be avoided;

B.     That judgment be entered in favor of the Trustee and against Loyal Source in an amount not less than $830,906.00, plus interest at the legal rate, together with costs of this action.

C.     That Loyal Source be directed to pay to the Trustee the sum of $830,906.00, plus interest at the legal rate from the date of the transfer.

D.     Alternatively, that the Trustee take, for the benefit of the bankruptcy estate, the Escrow with no constructive trust imposed upon it.

E.     That the Trustee be granted such other and further relief as is just and equitable.

Dated: September 5, 2024

/s/ *Richard M. Goldberg*
Richard M. Goldberg, Bar No. 07994
Daniel J. Zeller, Fed. Bar No. 28107
SHAPIRO SHER GUINOT & SANDLER
250 W. Pratt Street, Suite 2000
Baltimore, Maryland 21201
Tel: 410-385-4274
Fax: 410-539-7611
Email: rmg@shapirosher.com
       djz@shapirosher.com

*Bankruptcy Counsel to Morgan W. Fisher,*
*Chapter 7 Trustee*